## UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
JUL - 7 2014
LAWRENCE K. BAERMAN, CLERK
ALBANY

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> JOHN J. TIGHE, <br><br> Defendant(s) | Case No. 1:14-MJ-240 (CFH) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 28, 2013, in the county of Saratoga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. §2252A(a)(5)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:
Click here to enter text.

☒ Continued on the attached sheet.

*Complainant's signature*

David C. Fallon, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/7/14

*Judge's signature*

City and State: Albany, New York

Hon. Christian F. Hummel, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, David C. Fallon, being duly sworn, depose and state:

### I. INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been so employed by the FBI since May 1991. I am currently assigned to the Albany Division, Albany, New York. My duties include investigating criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252 and 2252(A). I have received extensive training in the area of child sexual exploitation and have had the opportunity to observe and review numerous examples of child pornography in all forms of media including computer media.

2. This affidavit is made in support of an application for a criminal complaint charging John Tighe with violation of Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography).

### II. BASIS OF INFORMATION

3. I am familiar with the information contained in this affidavit based upon my conversations with other law enforcement officers who are primarily responsible for the investigation of this matter, including New York State Police (NYSP) Investigators Rodger Kirsopp and Sara VanDusen, and my review of the reports and documents related to the investigation of this case.

4. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this

investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that John Tighe has committed a violation of 18 U.S.C. §2252A(a)(5)(B).

### III.   THE INVESTIGATION

5.   In or about April 2012, Inv. Kirsopp began an investigation into the unauthorized access of computer systems owned and maintained by NXIVM, Inc., an Albany, New York-based executive development program. Based upon information developed during the investigation, on October 23, 2013, Inv. Kirsopp obtained and executed a search warrant at the residence of John Tighe, in Milton, New York. Numerous items of evidence, including computers, external hard drives, and thumb drives were seized during the search. Tighe was cooperative during the search and responded to questions from Inv. Kirsopp. At one point during the search, Tighe was seated in the living room area of the residence when he asked Inv. Kirsopp "Can I get in trouble for anything else on those computers other than NXIVM?" Inv. Kirsopp advised Tighe that depending on the criminality of the material he could get in trouble. Tighe then stated to Inv. Kirsopp "All the computer stuff is mine, my wife doesn't know anything about computer stuff. She has no knowledge of what is on there, I gave her the small laptop upstairs for her to look at stuff on."

6.   After seizing the above mentioned items from Tighe's residence, Inv. Kirsopp submitted them to the NYSP's Forensic Investigation Center, Computer Crimes Unit (CCU), for analysis. On October 28, 2013, Inv. Kirsopp was advised by Inv. VanDusen, an examiner in the CCU, that she had located, on the hard drive of a computer found in the basement and used by Tighe, a file which she considered to be child pornography. According to VanDusen, this file contained a video depicting an approximately 12 year old female engaged in sexual intercourse with an adult male.

7. As a result of Inv. VanDusen's findings, on November 7, 2013, Inv. Kirsopp obtained a search warrant authorizing the search of the computers and digital storage devices seized from Tighe's residence for evidence relating to depictions of minors engaged in sexually explicit conduct.

8. On February 24, 2014, Inv. Kirsopp contacted your affiant and advised that the forensic examination of one the external hard drives found in Tighe's basement and connected to his Internet-connected computer contained over 400 video files of suspected child pornography. These video files were located within folders labeled with the names of months and years. Some were also found in a folder labeled "new folder." According to Inv. Kirsopp, many of the videos depicted prepubescent minors engaged in sexually explicit conduct.

9. On February 26, 2014, Inv. Kirsopp arrested Tighe on charges of possessing obscene sexual performances of minors in violation of New York State Penal Law.

10. On March 4, 2014, your affiant met with Inv. Kirsopp and was provided with a copy of the forensic examination results received to date by Inv. Kirsopp. Your affiant has viewed the forensic examination results provided by Inv. Kirsopp and has observed in excess of 400 videos files which appear to depict minors engaged in sexually explicit poses and/or conduct. Below is a description of a sample of the video files found and observed by your affiant:

| (pthc) 7yo_and_Dad BRILLIANT | |
|---|---|
| *This file contains a video of an approximately 6-8 year old female whose vagina is being penetrated by the penis of an adult male. The video depicts an adult male's penis being slightly inserted into the vagina of this minor female. At the end of the video the adult male masturbates to the point of ejaculating onto the vaginal area of the minor female..* | |
| 2011 Elly penetration try in coral dress 7 yo | |
| *This file contains a video of an adult male attempting to insert his penis into the vagina of an approximately 7 year old female.* | |

3

| | |
|---|---|
| The video depicts the naked penis of an adult male being inserted slightly into the naked vagina of an approximately 7 year old female who is lying on her back wearing a coral colored dress that is pulled up to reveal her naked vaginal area | |
| 2010 Judy 07 cum in mouth | . |
| This file contains a video of an approximately 5-7 year old female performing oral sex upon the naked penis of an adult male. The male ejaculates into the mouth of the minor. Near the end of the video, the scene shifts to the adult male ejaculating onto the naked buttocks of the same minor female. | |

Upon request, these videos, and all others found during the forensic examination, are available for the Court's review and inspection.

IV.     **CONCLUSION**

11.    Based on the foregoing, I believe there is probable cause to conclude that John Tighe has knowingly possessed child pornography, and that the child pornography involved in the offense involved a prepubescent minor or a minor who had not attained the age of 12, in violation of Title 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and request that a criminal complaint be issued.

David C. Fallon
Special Agent
Federal Bureau of Investigation

Sworn to me
This ___ day of July, 2014

Hon. Christian Hummel
United States Magistrate Judge