**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    <u>1:14</u> – CR – <u>464</u> (TJM) |
| | ) | |
| **v.** | ) | **Information** |
| | ) | |
| **JOHN J. TIGHE,** | ) | Violations:    18 U.S.C. § 2252A(a)(2)(A) & |
| | ) | (b)(1) [Receipt of Child |
| | ) | Pornography]; 18 U.S.C. § |
| | ) | 2252A(a)(5)(B) & (b)(2) |
| | ) | [Possession of Child |
| | ) | Pornography] |
| | ) | |
| | ) | |
| | ) | Two Counts & Forfeiture Allegation |
| | ) | |
| **Defendant.** | ) | County of Offense:    Saratoga |

THE UNITED STATES ATTORNEY CHARGES:

**COUNT 1
[Receipt of Child Pornography]**

In or around June 2013, in Saratoga County in the Northern District of New York, the defendant, **JOHN J. TIGHE**, did knowingly receive child pornography using a means and facility of interstate commerce, shipped and transported in and affecting such commerce by any means, including by computer, that the defendant used a Gateway Computer Model DX4860, connected to the Internet, to download numerous graphic image and video files of a minor and minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and 2256(8)(A).

**COUNT 2
[Possession of Child Pornography]**

On or about October 23, 2013, in Saratoga County in the Northern District of New York, the defendant, **JOHN J. TIGHE**, did knowingly possess material that contained one or more

images of child pornography that had been transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been transported in and affecting such commerce by any means, including by computer, containing graphic image and video files of actual minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) and 2256(8)(A).  That violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts One and Two of this Indictment hereby are realleged and incorporated by reference for the purposes of alleging forfeiture, pursuant to Title 18, United States Code, Section 2253.

Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, the defendant, **JOHN J. TIGHE**, shall forfeit to the United States of America:

a.  Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252 or 2252A, and any book, magazine, periodical, film, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and

2

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to:

a.      Gateway Computer, Model DX4860, serial number PTGCPP2003210027496300;

b.      Gateway Computer, serial number PTGCPP2003210;

c.      HP Computer, serial number 4CS0380G416;

d.      Western Digital Pocket Drive, serial number WX11C62N3228;

e.      Western Digital Pocket Drive, serial number WXEX08680451;

f.      Western Digital Pocket Drive, serial number WXEEZ06226715;

g.      Western Digital Pocket Drive, serial number WCAV57561751;

h.      Western Digital External Drive, serial number WCASV3025049;

i.      Western Digital External Drive, serial number WXH407098431; and

j.      PNY Flash Drive 8 GB.

If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party,

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section

2253(b) and by Title 28, United States Code, Section 2461(c).


Dated: January 26, 2015                        RICHARD S. HARTUNIAN
                                               United States Attorney

                                        By:    _____
                                               Amanda W. Cox
                                               Special Assistant United States Attorney
                                               Bar Roll No. 518824