IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.   1:14-CR-464 (TJM) |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JOHN J. TIGHE, | |
| Defendant. | |

_____

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence of 97 to 121 months' imprisonment on Defendant John J. Tighe.

On January 26, 2015, Defendant John J. Tighe entered pleas of guilty to both counts of a two-count Information charging receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and 2256(8)(A); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and 2256(8)(A).

Tighe is scheduled to be sentenced on June 8, 2015.

**1.      Statutory Maximum and Minimum Sentences**

   Count 1:   Receipt of Child Pornography

- Maximum term of imprisonment: 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

- Mandatory minimum term of imprisonment: 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

- Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

- Special assessment $100, pursuant to 18 U.S.C. § 3013(a)(2)(A).

Count 2:   Possession of Child Pornography

- Maximum term of imprisonment: 10 years, pursuant to 18 U.S.C. § 2252A(b)(2).

- Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

- Special assessment $100, pursuant to 18 U.S.C. § 3013(a)(2)(A).

In addition, under the Sex Offender Registration and Notification Act, the defendant, as a result of the convictions in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee and where the defendant is a student.  For initial registration purposes, the defendant must also register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.

**2.     Guidelines Provisions**

**2.1     Acceptance of Responsibility**

The United States moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b), in order to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

**2.2     Offense Level**

The United States adopts, without qualification, the Guidelines calculation set forth in the Presentence Investigation Report ("PSR"), resulting in a Total Offense Level of 30.  PSR ¶¶ 24-39 (doc. no. 28).

**2.3     Criminal History Category**

The United States adopts the PSR's conclusion that the defendant's criminal history category is I.  PSR ¶¶ 40-43.

**2.4     Guidelines Range and Sentence**

As described above, the defendant's total offense level is 30 and his criminal history category is I.  As a result, the Sentencing Guidelines advise that the defendant receive a sentence of 97 to 121 months' incarceration.

The Guidelines term of supervised release is no less than 5 years and up to life.  18 U.S.C. § 3583(k).  The Guidelines recommend lifetime supervision (*see* U.S.S.G. § 5D1.2(b)(2)) and the United States agrees with this recommendation.

**3.     Forfeiture**

As set forth in the Forfeiture Allegation of the Information and the Plea Agreement, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253.  That includes forfeiture of the following:

- Gateway Computer, Model DX4860, serial number PTGCPP2003210027496300;
- Gateway Computer, serial number PTGCPP2003210;
- HP Computer, serial number 4CS0380G416;

- Western Digital Pocket Drive, serial number WX11C62N3228;

- Western Digital Pocket Drive, serial number WXEX08680451;

- Western Digital Pocket Drive, serial number WXEEZ06226715;

- Western Digital Pocket Drive, serial number WCAV57561751;

- Western Digital External Drive, serial number WCASV3025049;

- Western Digital External Drive, serial number WXH407098431; and

- PNY Flash Drive 8 GB.

**4.     Restitution**

In the Plea Agreement (¶1(d)), the defendant agreed that:

The minor(s) depicted in the image(s) and/or video(s) involved in the defendant's criminal activity, along with any and all relevant conduct, are victims of his offense(s), whether or not those minors are named in the information or identified in the factual basis of the defendant's guilty plea. The defendant therefore consents to an order pursuant to 18 U.S.C. § 2259(b) directing him to pay restitution to those victims. The parties agree that restitution shall be determined by the Court in "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," and shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014).

Restitution from a defendant convicted of an offense under Chapter 110 of Title 18 of the United States Code, which includes possession and receipt of child pornography, is governed by 18 U.S.C. § 2259. That statute provides in pertinent part that "[t]he order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court . . . ." 18 U.S.C. § 2259(b)(1). Elsewhere, the statute defines "full amount of the victim's losses" to include: any costs incurred by the victim for –

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

*Id.* at § 2259(b)(3).

*Paroline v. United States*, 134 S. Ct. 1710 (2014), addressed the proper means of determining restitution owed by a convicted possessor of child pornography to a victim whose image(s) the offender received and possessed. *Paroline* held that "a [district] court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id.* at 1727. With respect to child pornography in particular, the Supreme Court was concerned with ensuring that a district court set restitution at an amount that reflects the defendant's causal role in the harm that the victim has suffered not as a result of the production of child pornography (where the defendant played no role in such production), but in the harm that the victim has suffered as a result of the subsequent possession, downloading and/or distribution of the pornography that depicts his or her abuse.

*Paroline* then offered guidance about "how district courts should go about determining the proper amount of restitution" under § 2259. *Paroline*, 134 S. Ct. at 1727. The decision stated that "a [district court] must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Id.* at 1727-28. It recognized, however, that "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." *Id.* at 1728. The Court offered "a

variety of factors district courts might consider in determining a proper amount of restitution" but refrained from "prescrib[ing] a precise algorithm for determining the proper restitution amount. . . ." *Id*. The Court noted that these factors "need not be converted into a rigid formula" but instead should "serve as rough guideposts for determining an amount that fits the offense." *Id*.

The Court suggested that "district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . . then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Paroline*, 134 S. Ct. at 1728. It then provided the following as a non-exclusive list of factors:

- the number of past criminal defendants found to have contributed to the victim's general losses;

- reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;

- any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will never be caught or convicted);

- whether the defendant reproduced or distributed images of the victim;

- whether the defendant had any connection to the initial production of the images;

- how many images of the victim the defendant possessed; and

- other facts relevant to the defendant's relative causal role.

*Id*.

The *Paroline* Court conceded that the approach it described "is not without its difficulties" and "involves discretion and estimation." *Id*. at 1729.   It emphasized the "wide discretion" that "[d]istrict courts routinely exercise . . . in fashioning restitution orders." *Id*.

Before the Court are three restitution requests made by victims whose images were found on the defendant's electronic devices. These victims are:

- A victim who was the subject of the child pornography series "Angela," and whom her attorney calls "Angela." The exhibits to the PSR contain Angela's submission, which includes (1) a March 11, 2015 letter to the Court from her attorney, Marc C. Lenahan; (2) a May 8, 2014 affidavit sworn to by Mr. Lenahan; (3) a May 7, 2014 psychological evaluation summary written by Alexandra H. Doyle, Ph.D; and (4) a February 18, 2014 Victim Impact Statement from Angela's mother, as well as several other statements from the mother.

- A victim who was the subject of the child pornography series "Marineland," identified in her attorney's submission as "Sarah." The exhibits to the PSR contain this victim's submission, which includes (1) a March 11, 2015 letter to the U.S. Attorney's Office from her attorney, Carol L. Hepburn; (2) a May 30, 2014 Victim Impact Statement from Sarah; (3) a July 23, 2014 Victim Impact Statement from Sarah's mother; (4) a July 7, 2014 forensic psychological evaluation report submitted by Randall L. Green, Ph.D.; (5) a September 22, 2014 declaration from Ms. Hepburn; (6) a September 10, 2014 vocational assessment conducted by Merrill Cohen of Strategic Consulting Services, Inc.; and (7) a November 12, 2014 loss assessment conducted by Stan V. Smith of Smith Economics Group, Ltd.

- A victim who was the subject of the child pornography series "Vicky," and whom her attorney calls "Vicky." The exhibits to the PSR contain this victim's submission, which includes (1) an April 2, 2015 letter to the U.S. Attorney's Office from her attorney, Carol L. Hepburn; (2) Victim Impact Statements from Vicky, dated December 2011, January 31, 2013 and September 23, 2013; (3) Victim Impact Statements from Vicky's mother and stepfather, dated October 1, 2010; (4) psychological reports and addenda submitted by Randall L. Green, Ph.D.; (5) vocational assessments conducted by Merrill Cohen of Strategic Consulting Services, Inc.; (6) loss assessments conducted by Stan V. Smith of Smith Economics Group, Ltd.; and (7) a May 10, 2014 declaration from Ms. Hepburn.

For ease of reference, what follows is a table summarizing certain key facts concerning the restitution requests:

| Victim identity | Asserted total losses | Amount of restitution sought from the defendant | Number of victim images found on defendant's electronic devices[1] | Number of federal restitution awards previously received[2] | The median amount of the previous federal restitution awards |
|---|---|---|---|---|---|
| "Angela" series victim | $366,000 to $587,000 | $11,980.20 to $16,400.20 | 4 | 56 | $2,000 |
| "Marineland" series victim, "Sarah" | $2,741,760.23 | $26,500 | 4 | 8 | $4,339.07 |
| "Vicky" series victim | $397,127.19[3] | $27,500 | 58 | 530 | $2,881.50 |

---

[1] According to a Child Identification Report provided by the National Center for Missing and Exploited Children.
[2] As of January 6, 2015, according to the Department of Justice's Child Exploitation and Obscenity Section.
[3] This amount is losses net of the $688,590.90 in restitution that Vicky has already received.

Each victim has made a compelling presentation concerning the harm they have suffered and how they have been further victimized by the actions of people such as the defendant, who played no role in the production of the pornography depicting their abuse.   None of the victims, however, appears to have separated from the asserted total losses the amount in losses suffered as a result of the possession and downloading of the pornography that depicts their abuse. Additionally, the Court should consider that (1) the defendant has not had any communications or physical contact with the victims, and did not participate in the production of the pornography depicting their abuse; (2) the defendant did not distribute child pornography; (3) and the images depicting the victims' abuse have been widely distributed and downloaded, which both increases their respective losses and creates more potentially liable individuals assuming they are located and prosecuted or sued.

In consideration of the foregoing, the United States respectfully requests that the Court order the immediate payment of restitution as follows:

- "Angela" series victim – $2,500 (payable to Lenahan Law, P.L.L.C., F/B/O Angela, 2655 Villa Creek, Suite 222, Dallas, Texas 75234)
- "Marineland" series victim, "Sarah" – $4,500 (payable to "Carol L. Hepburn in trust for Sarah" and mailed to Ms. Hepburn's office at 2722 Eastlake Avenue E. Suite 200 Seattle, WA 98102); and
- "Vicky" series victim – $3,000 (payable to "Carol L. Hepburn in trust for Vicky" and mailed to Ms. Hepburn's office at 2722 Eastlake Avenue E. Suite 200 Seattle, WA 98102).

**GOVERNMENT'S SENTENCING RECOMMENDATION**

For the reasons set forth above, the United States respectfully requests that the Court impose a Guidelines sentence of 97 to 121 months' imprisonment.  This sentence would be sufficient but not greater than necessary to comply with the sentencing considerations set forth in 18 U.S.C. § 3553(a)(2).

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSR, the parties are entitled to notice and an opportunity to respond.  *See* Fed R. Crim. P. 32(h), (i)(1)(c).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 12th day of May, 2015,

        RICHARD S. HARTUNIAN
        United States Attorney


By: _____
Michael Barnett
Assistant United States Attorney
Bar Roll No. 519140